1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   ZAXY TAXY ENTERPRISES, et al.,

11                          Plaintiffs,                    CASE NO. C05-0709C

12            v.                                           ORDER

13   KING COUNTY, et al.,

14                          Defendants.

15            This matter has come before the Court on Plaintiffs' motion for a temporary restraining order.

16            Fed. R. Civ. P. 65(b) allows a court to issue an ex parte temporary restraining order ("TRO")

17   only if the movant demonstrates that it will suffer immediate and irreparable harm and that the opposing

18   party or parties have been given notice of the motion.[1]  In deciding whether to issue a TRO, the court

19

20   ─────────────────

21      [1]  Fed. R. Civ. P. 65(b) provides as follows:

22      A temporary restraining order may be granted without written or oral notice to the
        adverse party or that party's attorney only if (1) it clearly appears from specific facts
23      shown by affidavit or by the verified complaint that immediate and irreparable injury, loss,
        or damage will result to the applicant before the adverse party or that party's attorney can
24      be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if
        any, which have been made to give the notice and the reasons supporting the claim that
25      notice should not be required.

26   ORDER – 1

generally looks to the following four factors: (1) likelihood of success on the merits; (2) threat of irreparable harm to the plaintiff if the injunction is not imposed; (3) the relative balance of harm to the plaintiff and harm to the defendant; and (4) the public interest.  *Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1388 (9th Cir. 1988).  Within the Ninth Circuit, courts have condensed these factors into a two-prong test such that "the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor."  *Dumas v. Gommerman*, 865 F.2d 1093, 1095 (9th Cir. 1989).  Rather than treat these two prongs as distinct standards, the court should construe them as "opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness."  *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987) (internal citation omitted).

The record now before the Court does not address or demonstrate the existence of any of the requisite factors, much less meet the heightened standard applied to an ex parte application for a temporary restraining order.  In addition, while it appears that Plaintiffs wish the Court to take some action with respect to certain documents, Plaintiffs' moving papers do not state the relief requested with sufficient particularity for the Court to take any action.  For these reasons, the Court hereby directs the Plaintiffs to submit supplemental briefing on their motion for a temporary restraining order.  This briefing should expressly address the factors to be considered, as outlined above, as well as explain clearly what relief is requested and list the documents to which the requested relief pertains.

The Court further orders that Plaintiffs' motion for appointment of counsel (Dkt. No. 4) be referred to the Honorable James P. Donohue, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Local Rule MJR 3, and Fed. R. Civ. P. 72(a).

Finally, as Plaintiffs have paid the filing fee for this action, their motion to proceed *in forma pauperis* (Dkt. No. 6) is hereby STRICKEN as MOOT.  The Court is aware that Plaintiffs have requested that the United States Marshal Service effect service of the summons and complaint.  However,

ORDER – 2

as Plaintiffs are not proceeding *in forma pauperis*, Fed. R. Civ. P. 4(c)(2) does not require that the Court order the Marshal Service to effect service.  Indeed, Local Rule CR 4(c) relieves the marshals of any and all civil process serving responsibility except as ordered by the Court or pursuant to express statutory authority.  Therefore, the Clerk of Court is directed to return Plaintiffs' copies and the summonses to Plaintiffs so that Plaintiffs may themselves arrange for service of process.

SO ORDERED this <u>19th</u> day of April, 2005.


UNITED STATES DISTRICT JUDGE

ORDER – 3