UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAXY TAXY ENTERPRISES, et al., | Case No. C05-0709C |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| KING COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court upon plaintiffs' motions to proceed *in forma pauperis*, Dkt. Nos. 8-11, 15-16, 21, 23, and for appointment of counsel, Dkt. No. 4.

On April 14, 2005, plaintiffs Zaxy Taxy Enterprises, Lincoln Lane Addleman, and Melvin Lyle McClintock filed a civil suit which alleged, *inter alia,* that their civil rights had been violated by defendants' seizure of certain property.[1]  Dkt. No. 3.  Plaintiffs also alleged violations of 18 U.S.C. § 1951.  *Id.*  Plaintiffs filed an application to proceed *in forma pauperis* ("IFP"), but the Court struck that motion as moot because they had already paid the

---

[1] Plaintiffs Addelman and McClintock claim to be the owner and employee, respectively, of a "business pursuit" called Zaxy Taxy Enterprises.  Dkt. No. 3.

ORDER
PAGE -1

proper filing fee.  Dkt. No. 7.

Over the course of the next several weeks, plaintiffs submitted a variety of documents that sought a refund of the already-paid filing fee and that requested that the Court again consider granting them IFP status.  Dkt. Nos. 8-11, 15-16, 21, 23.  According to plaintiffs, they are indigent and had borrowed the funds necessary to file suit.  Dkt. Nos. 8-11.  Although scattered across a variety of docket entries, it now appears that plaintiffs have supplied the Court with the necessary paperwork to determine whether they qualify for IFP status.  Having carefully reviewed all of plaintiffs' filings and the record, the Court ORDERS as follows:

(1)     Plaintiffs' application to proceed *in forma pauperis*, Dkt. Nos. 8-11, 15-16, 21, 23, is GRANTED IN PART and DENIED IN PART.  Plaintiffs Addleman and McClintock have demonstrated that they do not have adequate financial resources to proceed with this case and are therefore GRANTED IFP status.  Dkt. Nos. 8, 21, 23.  The Court, however, DENIES the motion to proceed IFP as it relates to plaintiff Zaxy Taxy Enterprises.  Dkt. Nos. 8, 21.  Only natural persons can qualify for IFP status.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993).  Because the filing fee must be paid for Zaxy Taxy Enterprises, the Court will not order that the already-paid filing fee be refunded, unless within ten (10) days of this Order, plaintiff Zaxy Taxi Enterprises pays a filing fee, or is otherwise removed as a party to the litigation.

(2)     Plaintiff's motion for appointment of counsel is DENIED.  Dkt. No. 4.  For litigants who are proceeding IFP, a district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1).  The decision to appoint counsel rests within "the sound discretion of the trial court and is granted only in exceptional

circumstances." *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citations and quotations omitted). A finding of exceptional circumstances requires at least an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (internal citations omitted).

Here, plaintiffs demonstrate neither a likelihood of success on the merits, nor that they are unable to adequately pursue their claims *pro se*. Despite plaintiffs' complaint and supporting materials, plaintiffs fall short of providing any compelling arguments or evidence that persuade the Court that this case is particularly likely to succeed on the merits. Moreover, plaintiffs have not shown that, in light of the complexity of the legal issues involved, they are unable to articulate their claims *pro se*. To the contrary, plaintiffs' pleadings demonstrate a basic understanding of the facts and law involved in their case. Thus, plaintiffs have not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel at the present time.

(3)   The Clerk is directed to send a copy of this Order to plaintiff, counsel for the defendants, and to the Honorable John C. Coughenour.

DATED this 11th day of July, 2005.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE -3